22-cv-375 NEB/LIB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION

CLINTON STRANGE,

*Plaintiff*

v.

DIRECT RECOVERY SERVICES, LLC,

*Defendant*

RECEIVED BY MAIL
FEB 08 2022
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

## CIVIL ACTION COMPLAINT

FOR VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

&

THE FAIR DEBT COLLECTION PRACTICES ACT OF 1977

### PRELIMINARY STATEMENT:

1. The *pro se* Plaintiff CLINTON STRANGE ("PLAINTIFF") brings suit against Defendant DIRECT RECOVERY SERVICES, LLC ("DRS" or "DEFENDANT") for violations of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Fair Debt Collection Practices Act of 1977 ("FDCPA").

2. Plaintiff seeks to recover his actual and statutory damages under the FDCPA; statutory damages under the TCPA; recovery of all costs, expenses and fees associated with bringing and litigating the action to judgment together along with post judgment interest as allowable by statute.

SCANNED
FEB 08 2022
U.S. DISTRICT COURT DULUTH

## JURISDICTION & VENUE:

3. Jurisdiction arises in this U.S. District Court under a federal question as the TCPA and FDCPA are federal statutes pursuant to 28 U.S. Code § 1331.

4. Venue lies proper in this U.S. District because Defendant can be found here and is a Minnesota Domestic Limited Liability Company pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

5. Plaintiff CLINTON STRANGE is an adult individual residing at the address of:

CLINTON STRANGE

7021 WINBURN DRIVE

GREENWOOD, LA 71033

6. Defendant DIRECT RECOVERY SERVICES, LLC is a debt collection agency and a Minnesota Domestic Limited Liability Company with its principal place of business located at:

DIRECT RECOVERY SERVICES, LLC

115 WATERFRONT DRIVE

TWO HARBORS, MN 55616

## FACTUAL ALLEGATIONS:

Precursory Events

7. On February 18, 2021, at 2:43pm CST, the Plaintiff emailed Defendant's three attorneys a document that included "additional numbers for scrubbing

against future collection campaigns" listing Plaintiff's cellphone number 318-423-5057 [See Exhibit A].

8. A non-blood relative of the Plaintiff, who resides in Utah, allegedly fell behind on payments related to a consumer debt obligation.

9. The entity who was owed or alleged to be owed contracted with DRS to collect the consumer debt.

10. Plaintiff knows that the debt was a consumer debt used to purchase household goods, and or services because the debtor is not self-employed.

The Documented Incidents Giving Rise to the Complaint

11. On September 2, 2021, at 10:19am CST the Defendant placed a pre-recorded voice call to the Plaintiff's cellphone number 318-423-5057 that displayed a Caller ID number of 952-373-4857 as depicted in the below image labeled Figure A which Plaintiff represents is a true and accurate representation of his cellphone's screen (a screen shot) in regard to the call.



**Figure A**

12. When the Plaintiff answered the call, he heard silence on the other end. When the Plaintiff said "Hello" a pre-recorded voice message began to play. No human was interacted with at any point during the call. The portion of the message that the Plaintiff recorded played as follows:

Prerecorded Voi...: 00:00 ... 7:00 pm. The number is 877-906-4055. Again, the number is 877-906-4055.

Prerecorded Voi...: 00:13 To be connected to a representative, please press 1 now. Federal law designates this matter as a confidential notice for [REDACTED]. If this is not [REDACTED], please hang up now. If this is [REDACTED], please continue listening to this message. Do not listen to this message where others can hear, as it contains confidential information. There will now be a three second pause.

Andrew Cooper: 00:40 Hello, this is Andrew Cooper. We have made every effort to reach you to assist you with your matter here. Our client is now demanding a decision. After Monday, September 13th, contacting you for resolution will no longer be our primary concern. Unfortunately, the matter will then be held out of our offices. If you wish to resolve the matter with us, or make a statement on your behalf, you may contact us today.

[See Exhibit B]

13. Other consumers have complained on the internet about calls from the phone number 952-373-4857 containing similar pre-recorded voice messages. Two consumers even uploaded audio recordings to youmail.com,

which in turn transcribed the messages (https://directory.youmail.com/directory/phone/9523734857 - page last visited Jan. 28, 2022, at 7:33am CST) [See Exhibit C].

14. Defendant's call was made using an Automatic Dial and Announcing Device ("ADAD") through a third-party pay-per-use voice broadcasting platform technology platform operated by TCN, Incorporated of St. George, Utah. DRS was required by the Texas Public Utility Commission to obtain a permit to utilize this equipment, and the documents pertaining to both DRS's permit and TCN Incorporated's permit are attached for reference [See Exhibit D].

## The Plaintiff's Alleged Harm & Injuries

15. Plaintiff is annoyed and aggravated by intrusive debt collection robocalls that play pre-recorded voice messages from debt collectors.

16. Defendant's Better Business Bureau web-page lists 232 complaints filed over the last 3 years. The majority of which are similar in nature. Consumers complain of harassing debt collection to calls to family members, and DRS generally responds in a scripted manner apologizing for the acknowledged "aggravation" as was the case with a complaining consumer named Shanna that took place between January 5, 2022, and January 6, 2022, as shown below:

01/05/2022

I have filed a previous complaint on this company dated 12/27/21. My issue has still not been resolved, nor have I gotten an update on my previous complaint and this company continues to harass me by numerous calls a day. They are contacting my family and other affiliates leaving messages with them. I have received nothing in the mail from this company not written proof of owing the amount they are demanding. I would like them to removed my number and all affiliates.

Response
01/06/2022

Here at Direct Recovery Services we are always careful to remove wrong numbers as soon as we are aware they are wrong. It is never our intention to call the wrong phone number, however, we get our phone numbers from the consumer, the client and *********** and they are not always correct. We apologize for the aggravation and assure that there will be no further communication to this phone number for this matter. We have placed the account in a Cease and Desist status and this consumer will not be contacted by us again on the obligation placed with us. No further attempts toward resolution will be made by our office. The account will be returned to our client indicating that we were not successful in working with the consumer.

Customer Response
01/06/2022

   Better Business Bureau:

I have reviewed the response made by the business in reference to complaint ID ********, and find that this resolution is satisfactory to me providing this company does as they say by removing my contact information, as well as any affiliates they have contacted thus far.

Thank you very much,

Shanna

> https://www.bbb.org/us/mn/two-harbors/profile/collections-agencies/direct-recovery-services-llc-0704-96558142/complaints - page last visited Jan. 28, 2022, at 11:56am CST

17. Defendant's recorded message contained numerous false and misleading

    statements, omissions, threatening and misleading representations regarding

    the status of the debt and the collection activity and escalation that would be

taken by DRS on behalf of their creditor client that clearly violated the FDCPA including:

a- "Federal law designates this matter" - because the matter arose under Utah State breach of contract law, assuming the debt were even valid or collectable.

b- Defendant DRS did not even identify who was calling (other than the non-existent "Andrew Cooper") within the first 10-seconds of the call – nor at point during the call.

c- "this is Andrew Cooper" – DRS does not employ an Andrew Cooper.

d- "We have made every effort to reach you" – [Redacted] (the debtor) is a long-time resident of a Utah address, and DRS could have escalated their demands in writing, but rather chose to call family members of the debtor using TCN, Incorporated's technology for less than 6 cents per voice broadcast call.

e- "to assist you with your matter here" – there would be *zero* helpful aid or assistance awaiting any consumer debtor unfortunate enough to "press 1" to be connected to a DRS representative. In reality, DRS hopes that consumer debtors will make recorded statements that would tend to validate or re-age debts that might not otherwise be collectable.

f- "Our client is now demanding a decision" – DRS was contracted to service and or collect a consumer debt, and they routinely mis-characterize the desires by their creditor clients regarding escalation of the legal intent of their clients.

g- "After Monday, September 13th, contacting you for resolution will no longer be our primary concern" – DRS misleads consumer debtors by setting non-existent deadlines to pressure consumer debtors into believing that after a certain date resolving allegedly unpaid debt would not be possible.

h- "Unfortunately, the matter will then be held out of our offices" – There is nothing unfortunate about the fact that DRS may end up returning the debt portfolio to their creditor client, and in fact the statement misrepresents that the matter might escalate into a debt collection suit.

i- failing to include a mini-*Miranda* warning that advised that the communication was from a debt collector – Generally, collection agencies are required to include a statement to the effect of "*This is an attempt to collect a debt and any information obtained will be used for that purpose.*"

18. Plaintiff is a consumer debtor, as he owes, or is *alleged* to owe a debt to a creditor. Plaintiff, however does not owe a debt to DRS or their client.

Plaintiff stands in the shoes of a debtor because DRS placed a debt collection call to his cellphone despite the fact that Plaintiff provided his cellphone number to DRS (by and through their attorneys) a little over six months prior to the September 2, 2021, pre-recorded voice debt collection call.

19. On September 4, 2021, the Plaintiff emailed a cease-and-desist demand to info@directrecovery.org; and Customer.Care@directrecoveryservices.com, along with the 3 attorneys who were defending DRS against Plaintiff in a prior action brought in this Court for similar claims. In that communication, the Plaintiff wrote:

    "Dear Direct Recovery Services LLC: Please find the attached and acknowledge receipt to save the expense of having it formally served on you by close of business September 7, 2021." Plaintiff did not receive a reply.

20. On September 14, 2021, at 12:02pm CST the Plaintiff posted in the U.S. Mail a Cease & Desist Demand Letter and Notice of Claim addressed to DRS's Georgia Registered Agent, which was signed for on September 18, 2021, at 12:41 EST.

21. The total cost associated with mailing the communication to DRS's Registered Agent was a total of $15.50 out-of-pocket expenses:

    a- $15.05 in postage [See Exhibit E]

b- plus mileage of 0.4 miles at 0.56/ mile ($ 0.45) – See Below Figures B and C



        **Figure B**               **Figure C**

## THE COUNTS:

### COUNT I:

**(Plaintiff v. Defendant)**

**Willful & Knowing Violation of the TCPA's Pre-Recorded Voice Component Codified at 47 U.S. Code. § 227(b)**

22. Plaintiff incorporates the foregoing paragraphs 7 through 14 as though the same were set forth at length herein.

23. Plaintiff pre-emptively provided his cell phone number 318-423-5057 to Defendant in connection with a request for them to not call it in future collection campaigns.

24. Defendant placed a call to the Plaintiff's cellphone in violation of the TCPA's pre-recorded voice component which states "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United states — To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— To any telephone number assigned to a . . . cellular telephone service. . . ." [47 U.S.C. § 227(b)(1)(A)] See also *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 641 (5th Cir. 2015) concluding that "[t]o be liable under the `artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play."

25. Defendant is liable to the Plaintiff for $1,500 in damages under this Count.

## COUNT II:
### (Plaintiff v. Defendant)
### Violations of the Fair Debt Collection Practices Act of 1977
### Codified at 15 U.S. Code § 1692 *et seq.*

26. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

27. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. In order to prove a claim under the FDCPA, a plaintiff must show that he is a consumer, the defendant is a debt collector, the complained-of practice is an attempt to collect a debt and the Defendant has violated a provision of the FDCPA in doing so. See *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

28. Plaintiff is a consumer, consumer debtor, and or presumed to stand in the shoes of a debtor as contemplated by 15 U.S.C. § 1692a.

29. Defendant DRS is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a.

30. Defendant violated 15 U.S.C. 1692(e)11 by failing to disclose that the communication with Plaintiff was from a debt collector in an attempt to collect a debt, and that any information obtained as a result could be used for that purpose.

31. Defendant violated Section 1692d(6) of the FDCPA, which prohibits harassment or abuse in debt collection practices, including the failure to make a meaningful disclosure of the caller's identity when placing a call to a consumer.

32. Among the specific examples of prohibited conduct set forth in the statute is "[c]ausing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). When assessing whether a defendant's phone calls were harassing under § 1692d(5), "there are two types of evidence. . . . First, where a plaintiff has shown that he asked the collection agency to stop calling . . . and the collection agency nevertheless continued to call the plaintiff. . . . Second, the volume and pattern of the calls may themselves evidence an intent to harass." *Kube v. Creditors Collection Bureau, Inc.*, No. 10 C 7416, 2012 WL 3848300, at *2 (N.D. Ill. Aug. 30, 2012). Here, Plaintiff: (1) asked Defendant to stop calling him, in a written communication about 6-months prior, and (2) DRS continued to call Plaintiff, and (3) DRS's Better Business Bureau complaints, and Plaintiff's past experience with Defendant evidence an intent to harass.

33. FDCPA § 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," while subsection (2) states that the following conduct violates § 1692e: "[t]he false representation of — (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Here, Plaintiff has demonstrated many false and misleading statements and

omissions made by DRS regarding the alleged debt in their attempts to communicate with a consumer via telephone.

34. There is no requirement to show an affirmative misrepresentation to establish liability under § 1692e; that provision seeks to protect consumers against conduct that falls short of an affirmative misstatement; it also applies, expressly, to conduct that is misleading or deceptive for any reason.

35. The Seventh Circuit has stated that the "test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003); *see also Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) ("[t]he unsophisticated consumer is `uninformed, naive, [and] trusting,' but possesses `rudimentary knowledge about the financial world, . . . possesses "reasonable intelligence," and is capable of making basic logical deductions and inferences.'") (alteration in original) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

36. Defendant is liable to the Plaintiff for up to $1,000 in statutory damages, and $15.50 in actual damages under this Count.

## PRAYER FOR RELIEF:

~~~Plaintiff's Right to Jury Trial is Waived~~~

**WHEREFORE,** Plaintiff seeks judgment in favor of Plaintiff and damages against Defendant based on the following requested relief:

Actual Damages of $15.50 (under Count II);

Statutory Damages of up to $1,000 (under Count II);

Trebled Statutory Damages of $1,500 (under Count I);

Recovery of all Costs, Fees, and or Expenses associated with Bringing and Litigating the Action to Judgment;

Post Judgment Interest;

, and such other and further relief the Court deems necessary, just, and or proper.


Respectfully Submitted,

X _(signed) Clinton Strange_                    01-31-2022
Clinton Strange                                              Dated
*Pro Se*
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com